CITED *in* *Clapp* v. *Ely*, 3 *Dutch.* 577-603.

---

### JOHN S. GILES, ASSIGNEE OF MORRISON, v. WILLIAM HALSTED, *unus attornatum*.

If, by a clerical mistake, the condition of a bond is so drawn as to be unmeaning and senseless, as if it be that if " —— —— pay to the obligor $1000 in one year from date" the bond shall be void, the bond is not thereby rendered void or inoperative, but it must be enforced either as a single bond without any condition, or the condition construed according to the evident intention of the parties: in such case, the penal or obligatory part of the bond being good can be enforced, unless the defendant can show that there is a condition to it which has some meaning and has been performed.

This was an action on a penal bond. The defendant craved oyer, and set out the condition of the bond, which was (by mistake), that if —— —— should pay to the *obligor* $1000, &c., the bond should be void; and, after setting out the condition, demurred to the declaration.

Argued by *Hamilton*, for plaintiff, no one appearing for defendant, before the CHIEF JUSTICE and Justices OGDEN and POTTS.

*Hamilton*, for plaintiff.

This demurrer opens the entire record. *Arch. C. Pl.* 313.

This condition is absolutely void. 2 *Raym.* 68; 1 *Bac. Abr.*, *Cond. L.* 647-8-9; 3 *Com. Dig.* 195, *Cond. E.* · 2 *Salk.* 463, *Wells* v. *Ferguson.*

The court can supply mistakes. 2 *Show.* 16.

The letter of the condition may be departed from to carry into effect the intention of the parties. *Co. Litt.* 14, 183, *a; Chit. on Contr.* 73—80; 7 *Taunt.* 407, *Wait* v. *Redsell;* 2

*Carr. & Marsh* 239, *Strickland* v. *Wass;* 3 *Cranch* 227, *Cook* v. *Graham's administrator.*

OGDEN, J.  The declaration in this case is in the common form in debt, as upon a single bond given by the defendant to one John C. Morrison.  The defendant craved *oyer*, and upon receiving a copy of the bond, and the condition thereunder written, he demurred to the declaration, and assigned, as causes of demurrer, that it appears, by the condition of the bond mentioned in the declaration, that the money in the condition mentioned was to be paid to the said defendant, and not to the said John C. Morrison; and also, that it appears, by the condition of the bond, that the said defendant was not bound to pay to the said John C. Morrison the said sum of money in the said condition of the said bond mentioned, and because the declaration is in other respects uncertain, informal and defective.

The plaintiff filed a joinder in demurrer.

By the *oyer*, the bond is made a part of the declaration, and the court must look at the pleading as if the condition had been set out therein.  3 *Cranch* 235.

The bond is in the ordinary language of a money bond, whereby the defendant acknowledged himself held and firmly bound unto John C. Morrison, of the city of New York, in the sum of $2000, legal money of the United States, to be paid to the said John C. Morrison, or to his certain attorney, executors, administrators, or assigns; to which payment, well and truly to be made, he bound himself, his heirs, executors, and administrators, firmly by these presents; sealed with his seal, and dated January 1st, 1833.

The condition thereunder written is, that if the above bounden ————, heirs, executors, administrators, or any of them, shall pay, or cause to be paid, unto the above named William Halsted, ———— certain attorney, executors, administrators, or assigns, the sum of $1000, within one year from the date thereof, then the above obligation to be void, else to be and remain in full force and virtue.

Then follow the seal and signature of the defendant, in the presence of Garret D. Wall.

As the plaintiff, primarily, was not bound to set out in his declaration the condition of the bond, but it has been made a part of the pleading by the act of the defendant in craving *oyer*, the court will consider it as if artistically introduced with all such averments as would be legal, necessary, and sufficient to prevent it from destroying the obligation, if it *ought not* in law so to do.

The defendant, having accompanied the demurrer with an affidavit "that it is not filed for the purpose of delay, but because he believes he has a just and legal defence to the said action upon the merits of the case," it is proper that the court should look into the grounds of the demurrer, and determine whether such belief of the affiant rested upon any legal foundation. As the argument was had *ex parte* by the plaintiff, without an answer by the defendant, we were not referred to cases in support of his grounds for interposing that pleading, and giving it, by his verification, a statutory standing in court.

A condition is not a necessary part of a money bond. The instrument may be, and in this case it is, complete and binding without a condition. *Oyer* may be craved of a condition and not of the bond, or of a bond and not of the condition. Its office is not to destroy the nature of the obligation under which it is written, unless it discloses that the performance depends on the doing of an act which is either impossible, unlawful, or contrary to sound morals, but it is simply to suspend its efficacy upon the happening of *some event* or the performance of *some act*.

If it has neither of these qualities, it is senseless and inoperative, and the obligation which it professes to control is pure, simple, and single. *Bacon, title Cond. letter L. ; Ld. Ray. P.* 68.

The condition to this bond does not look to the happening of any *event*. If it refers to any thing, it must be to the performance of *some act*. What is that *act?* The payment within one year from the date thereof to the obligor in the bond

Giles v. Halsted.

of $1000, and the interest thereon. But by whom? Not by Morrison, the obligee, because his name does not appear in the condition, nor by any other person by designation or from just inference.

The blank for the name of the performer of the condition was not filled up.

It *has* no performer. From its terms, it contemplated the doing of a lawful and possible, yet highly improbable act; but being defective in not stating by whom the act, which alone could suspend the legal effect of the promise in the obligation was to be done, it is *no* condition, but is senseless and void.

The intention of the parties to the instrument is plain and palpable. The instrument is a promise on the part of the obligor, on sufficient consideration, to pay to the obligee a sum of money *in presenti*, but it was to be suspended for a year, and at that time it was to be discharged upon payment, by the obligor, of a less sum and the interest from the date; but it was not that the obligee should suspend his own demand upon the obligor, and finally extinguish it by his, or any other party, paying to the obligor $1000 and the interest.

The scrivener, in filling up the blanks in a printed form of a bond, has ignorantly or carelessly misplaced the obligor's name in the condition and omitted the name of the obligee, whereby the condition was made defective, and, as it stands, is senseless, and the promise in the obligation is left intact and operative as a *single* bond. The condition must be read and taken to be as the parties manifestly intended it should have been filled up, or it must be considered as senseless and inoperative.

Let the demurrer be overruled with costs.

POTTS, J. I concur in overruling this demurrer. It is perfectly clear that a mistake has occurred in filling up the condition of the bond, by inserting in it the name of William Halsted, the obligor, instead of John C. Morrison, the obligee named in the bond itself. As it stands it is insensible, and repugnant to the manifest intention of the parties. It is just to supply mistakes in the conditions of bonds. 1 *Bac. Ab.* 649,

*title " Conditions," letter L.*, and cases there cited. *Cooke* v. *Graham's administrators*, 3 *Cranch* 235 ; *Chitty on Contracts* 73, &c. The condition might, perhaps, be treated as void, but it is more consonant with justice and the rights of the case to construe it according to the manifest intention of the parties to it.

The CHIEF JUSTICE concurred